**Roberto A. VARGAS–GONZALEZ, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 96–536.

United States Court of Veterans Appeals.

Nov. 20, 1998.

Before FARLEY, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM:

The appellant appeals through counsel an April 17, 1996, decision of the Board of Veterans' Appeals, and that case is currently pending before the Court. On November 5, 1996, the appellant entered into a fee agreement with his counsel, Sean Kendall. On May 11, 1998, this Court ordered the appellant to file an amended fee agreement that complied with the rule in *Shaw v. Gober* that found unreasonable on its face under 38 U.S.C. § 7263(d) a provision that purported to assign to the attorney the appellant's cause of action under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *Shaw*, 10 Vet.App. 498, 506 (1997); *see also In the Matter of the Fee Agreement of Mason*, 11 Vet.App. 514, 515–16 (1998); *Similes v. West*, 11 Vet.App. 115, 118 (1998).

On June 18, 1998, the attorney filed an amended fee agreement, signed on the same day. That agreement does not include any provision that conflicts with section 2412(d). However, the amended fee agreement adds the following:

Client hereby gives the Attorney a lien on his claim for VA benefits and on any other sum recovered, whether by award, other administrative action, settlement, or judgment, to the extent of the amount due under this agreement for the Attorney's fees and expenses. It is further agreed that the Attorney shall have all general, possessory or retaining liens, and all special or charging liens known to the common law or available under law, on the Client's claim and any sums recovered.

Fee Agreement at 1. Section 5301(a) of title 38, U.S.Code, prohibits any assignment or attachment of, or claim of creditors against "[p]ayments of benefits due or to become due ... except to the extent specifically authorized by law". Under the applicable exception, VA benefits may be withheld by the Secretary for the purpose of paying attorney fees only under specific conditions, *see* 38 U.S.C. § 5904(d)(3); *Aronson v. Derwinski*, 3 Vet.App. 162, 163–64 (1992) (per curiam order), which the lien provision here does not meet. *Cf.* 38 U.S.C. § 5904(d)(3) ("In no event may the Secretary withhold for the purpose of such payment any portion of benefits payable for a period after the date of the final decision of the Secretary, the Board of Veterans' Appeals, or the Court of Veterans Appeals making (or ordering the making of) the award."). The Court finds that the lien provision in the amended fee agreement is "unreasonable" under section 7263(d), because it conflicts with sections 5301(a) and 5904(d)(3), and is thus unenforceable.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file an amended fee agreement that complies with this order and 38 U.S.C. §§ 5301(a) and 5904(d)(3). It is further

ORDERED that this case be held in abeyance pending receipt of the revised fee agreement.