Richard J. BUSCH, Appellant,

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–2222.

United States Court of Appeals for Veterans Claims.

Sept. 3, 1999.

Before KRAMER, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM:

On December 3, 1997, the appellant filed a Notice of Appeal (NOA) from October 29, 1997, decisions of the Board of Veterans' Appeals (Board or BVA) denying earlier effective dates for a 10% evaluation for a service-connected bipolar disorder and for a 100% rating for that disorder, and denying an extension to the delimiting date for receipt of Chapter 34 educational assistance benefits.

On August 12, 1999, the parties filed a joint motion for a remand, stating the follow-

ing reasons for the remand: (1) As to the earlier-effective-date claim for his 100% rating, the Board had failed to "conduct the analysis required" by the Court's opinions in *Swanson v. West*, 12 Vet.App. 442 (1999), and *Hazan v. Gober*, 10 Vet.App. 511 (1997); and (2) the appellant's delimiting-date-extension claim is "inextricably intertwined with the claim of earlier effective date for a 100% evaluation". Motion at 3–4. In addition, the parties note that on remand "the Board will identify all and any medical records that may constitute informal claims under 38 C.F.R. § 3.157(b) [ (1998) ], and address, with adequate reasons or bases, whether any of those informal claims may still be pending. This analysis will not be limited to one year prior to the filing of Mr. Busch's formal claim of July 18, 1989 (R. at 468–71)." Motion at 4. Concurrently, the parties filed a joint motion to dismiss the earlier-effective-date claim as to the 10% rating for the appellant's service-connected bipolar disorder based in part on the Secretary's having agreed "to assign a 10% rating effective from October 1, 1979", as to that claim.

The Court will grant the parties' motions. In addition, on remand, the appellant will be free to submit additional evidence and argument on the remanded claim in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372–73 (1999) (per curiam order). A final decision by the Board on those claims following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court only upon the filing of a new NOA with the Court not later than 120 days after the date on which notice of that new decision is mailed to the appellant.

In addition, the Court notes that in February 1998 the appellant entered into a fee agreement with his counsel, Sean Kendall. That fee agreement includes the following:

> Client hereby gives the Attorney a lien on his claim for [Department of Veterans Affairs (VA) ] benefits and on any other sum recovered, whether by award, other administrative action, settlement, or judgment, to the extent of the amount due under this agreement for the Attorney's fees and expenses. It is further agreed that the Attorney shall have all general, possessory or retaining liens, and all special or charging liens known to the common law or available under law, on the Client's claim and any sums recovered.

Fee Agreement at 1. In *Vargas–Gonzalez v. West*, the Court, after the fee agreement in the instant case had been filed, found " 'unreasonable' under section 7263(d), because it conflicts with [38 U.S.C. §§] 5301(a) and 5904(d)(3)", and declared unenforceable a fee-agreement provision **identical** to that quoted above. *Vargas–Gonzalez v. West*, 12 Vet.App. 63, 64 (1998); *see also* 38 U.S.C. § 5301(a) (prohibiting any assignment or attachment of, or claim of creditors against "[p]ayments of benefits due or to become due ... except to the extent specifically authorized by law"); 38 U.S.C. § 5904(d)(3) (providing exception to section 5301(a) to permit VA benefits to be withheld by the Secretary for the purpose of paying attorney fees but only under specified conditions; however, "[i]n no event may the Secretary withhold for the purpose of such payment any portion of benefits payable for a period after the date of the final decision of the Secretary, the Board ..., or the Court ... making (or ordering the making of) the award"); *Aronson v. Derwinski*, 3 Vet.App. 162, 163–64 (1992) (per curiam order). Accordingly, the Court holds that the lien provision in the instant fee agreement is "unreasonable" under section 7263(d), because it conflicts with sections 5301(a) and 5904(d)(3), and is thus unenforceable.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file an amended fee agreement that complies with this order, 38 U.S.C. §§ 5301(a) and 5904(d)(3), and *Vargas–Gonzalez, supra*. It is further

ORDERED that the parties' August 12, 1999, joint motions are granted. Copies of this order and those joint motions will be made a part of the veteran's claims file at

VA. The October 29, 1997, BVA decision is VACATED as to the earlier-effective-date claim for a 100% rating and as to the delimiting-date-extension claim, and those matters are REMANDED to the Board for readjudication in accordance with the joint motion and all applicable law and regulation. The appeal as to an earlier effective date for a 10% rating is DISMISSED. However, pursuant to Rules 2 and 41(b) of this Court's Rules of Practice and Procedure, the Court will postpone issuance of the Court's mandate pending receipt of such a revised fee agreement.