**Henry A. PARHAM, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–1011.

United States Court of Appeals for Veterans Claims.

Sept. 28, 1999.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

**ORDER**

PER CURIAM:

On June 18, 1997, the appellant appealed a June 4, 1997, decision of the Board of Veterans' Appeals (Board) that denied entitlement to an effective date earlier than September 20, 1991, for an award of Department of Veterans Affairs (VA) service connection for a generalized anxiety disorder. Record (R.) at 3. The appellant has filed a brief, and the Secretary has filed a brief. The case was thereafter referred to this panel for consideration.

A central issue in this appeal is the appellant's argument that a November 1974 VA regional office (RO) decision has not become final because the VARO failed to notify the appellant of his right to appeal to the Board (*see* R. at 189–90). Brief at 19. Under the Court's current caselaw, it is well established, under 38 U.S.C. § 5104(a) and 38 C.F.R. §§ 3.103 and 19.25 (1998), that the RO "must provide notice of the right to appeal in regular and in simultaneously contested claims." *Thurber v. Brown,* 5 Vet.App. 119, 123 (1993); *see also Zimick v. West,* 11 Vet.App. 45, 48 (1998) (noting that Notice of Appellate Rights is required by 38 C.F.R. § 3.103(b)); *In Matter of Fee Agreement of Cox,* 10 Vet.App. 361, 375 (1997) (claim remains open if RO denial not accompanied by statement of appellate rights as required by 38 U.S.C. § 5104(a)), *vacated on other grounds,* 149 F.3d 1360 (Fed.Cir. 1998) (holdings affirmed; vacated only for consideration of alleged facts occurring after this Court issued opinion); *Mindenhall v. Brown,* 7 Vet.App. 271, 274 (1994) (noting that RO "must provide . . . notification to the appellant of his or her procedural due process and appellate rights" (citing, inter alia, 38 C.F.R. §§ 3.103, 19.25)); *Hauck v. Brown,* 6 Vet.App. 518, 519 (1994) (per curiam order) (holding that where appellant "never received notification of any denial . . ., the one-year period within which to file a [Notice of Disagreement], which commences with 'the date of mailing of notice of the result of initial review or determination,' did not begin to run").

However, the above-cited law and regulation were not in existence at the time of the 1974 RO decision. Moreover, the Secretary, in the recent case of *Busch v. West,* 12 Vet.App. 552 (1999) which had been before a panel that included two members of the present panel and in which a similar effective-date question had been raised, had cited in his brief to the Court 38 C.F.R. § 19.110 (1980), the provisions of which were in effect at the time of the 1974 RO decision in this case. *Busch v. West* (1999) (granting joint motions for remand). That regulation had specifically provided:

§ 19.110   Rule 10; failure to receive notice.

While it is contemplated that the agency of original jurisdiction will give proper notice of the right to appeal and the time limit, *failure to notify the claimant of his right to such appellate review or the time limit applicable to a notice of disagreement or substantive appeal will not extend the applicable period for taking this action.*

38 C.F.R. § 19.110 (1980) (boldface-italic emphasis added). At the same time, 38 C.F.R. § 19.109 (1980) ("Rule 9") had provided that generally the claimant "will be informed of the right to initiate an appeal . . . and the time limit within which such

notice must be filed". (The Court notes that until 1990 38 C.F.R. § 3.103(a) did not address the right to receive notice of appellate rights. *See* 55 Fed.Reg. 13,527 (1990)).

In 1980, VA proposed a new version of 38 C.F.R. Part 19. *See* 45 Fed.Reg. 56,093 *et seq.* (1980). The proposed regulations redesignated previous Rule 10 (§ 19.110 (1980), quoted above) as "Rule 15". 45 Fed.Reg. 56097 (1980). However, in the subsequent promulgation of the proposed regulations later that year, VA dropped altogether former § 19.110, noting: "In view of [VA]'s self-imposed notification [of appellate rights, as contained in 38 C.F.R. § 19.109 (1980), quoted above] ..., prior rule 15 is being deleted to avoid any ambiguity." 48 Fed.Reg. 6,963 (1980). The Court has not previously addressed the application of 38 C.F.R. § 19.110 as in effect in 1974 or considered whether the right to receive notice of appellate rights has a basis other than that found in current law and regulation, as they were discussed in *Zimick, In Matter of Fee Agreement of Cox, Mindenhall, Hauck,* and *Thurber,* all *supra.*

Hence, the Court has determined the need for additional briefing as to whether and, if so, how, 38 C.F.R. § 19.110 should affect our decision in this matter, and will order the parties each to file supplemental memoranda on the issue. In so doing, the parties shall address, inter alia, the following:

(1) Whether the failure of either party to raise § 19.110 to the Court should have any effect on the Court's consideration of the impact of that regulation on this case;

(2) the impact, if any, that the legislative history regarding the repeal of that regulation should have on our decision; and

(3) whether, notwithstanding an application of § 19.110, the appellant had any due or fair process right in 1974 to receive notice of his right to appeal, and,

if so, what effect such a right should have on our decision in this matter.

The Court intimates no preconception as to the answers to any of these questions.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the appellant, a memorandum addressing the above questions. It is further

ORDERED that, not later than 30 days after service of the Secretary's memorandum, the appellant file a memorandum in response.