# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-2324

CLAUDE FARMER,                                                    APPELLANT,

    V.

TOGO D. WEST, JR.
SECRETARY OF VETERANS AFFAIRS,                                   APPELLEE.

Before NEBEKER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

## O R D E R

The appellant appeals an October 30, 1998, decision of the Board of Veterans' Appeals, and that case is currently pending before the Court. On December 10, 1998, the appellant entered into a fee agreement with his counsel, Wayne A. Ehlers. That fee agreement includes the following provision:

> The Client gives Wayne A. Ehlers a lien on his claim and on any sum recovered, whether by judgement, settlement, or administrative action, to the extent of the amount due under this agreement for Mr. Ehler's [sic] fees and expenses. It is further agreed that Mr. Ehlers shall have all general, possessory or retaining liens, and all special or charging liens known to the common law or available under the law.

Fee Agreement at para. 5. In *Vargas-Gonzalez v. West*, the Court found "'unreasonable' under section 7263(d), because it conflicts with [38 U.S.C. §§] 5301(a) and 5904(d)(3)", and declared unenforceable a fee-agreement provision virtually identical to that quoted above. *Vargas-Gonzalez*, 12 Vet.App. 63, 64 (1998) (per curiam order); *see also* 38 U.S.C. § 5301(a) (prohibiting any assignment or attachment of, or claim of creditors against "[p]ayments of benefits due or to become due . . . except to the extent specifically authorized by law"); 38 U.S.C. § 5904(d)(3) (providing exception to section 5301(a) to permit VA benefits to be withheld by the Secretary for the purpose of paying attorney fees but only under specified conditions; however, "[i]n no event may the Secretary withhold for the purpose of such payment any portion of benefits payable for a period after the date of the final decision of the Secretary, the Board of Veterans' Appeals, or the Court of Appeals for Veterans Claims making (or ordering the making of) the award")); *Aronson v. Derwinski*, 3 Vet.App. 162, 163-64 (1992) (per curiam order). The Court thus holds that the lien provision in the instant fee agreement is "unreasonable" under section 7263(d), because it conflicts with sections 5301(a) and 5904(d)(3), and is thus unenforceable.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file an amended fee agreement that complies with this order, 38 U.S.C. §§ 5301(a) and 5904(d)(3), and *Vargas-Gonzalez*, *supra*. It is further

ORDERED that this case be held in abeyance pending receipt of such a revised fee agreement or further order of the Court.

DATED:    June 9, 2000                        PER CURIAM.