In the Matter of the Fee Agreement of William G. SMITH in Case Number 91–488.

In the Matter of the Fee Agreement of Hugh D. COX, Petitioner.

In the Matter of the Fee Agreement of Bruce Tyler WICK in Case Number 91–1412.

Nos. 91–1058, 93–44 and 92–1385.

United States Court of Veterans Appeals.

Aug. 5, 1993.

Before NEBEKER *, Chief Judge, and KRAMER, FARLEY *, MANKIN *, HOLDAWAY, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM.

On consideration of the Secretary of Veterans Affairs (Secretary) motion for en banc review of the Court's panel * opinion dated April 8, 1993, it is

ORDERED that the Secretary's motion for en banc review is denied.

STEINBERG, Judge, dissenting:

I dissent from the Court's denial of the Secretary's motion for en banc review. I believe that the Court's opinion has incorrectly resolved a question of substantial importance. In its April 8, 1993, opinion in this case, the Court held, inter alia, (1) that 38 U.S.C.A. § 5904(d) (West 1991) *itself requires* the Secretary, in a case where an attorney-fee agreement satisfies the requirements of that subsection and past-due benefits are awarded on the claim, to pay the contractual attorney fees directly to the

attorney out of the award of past-due benefits[1]; and (2) that a fee agreement in the instant cases between attorney Bruce Tyler Wick, Esq., and his client for representation before the Board of Veterans' Appeals (BVA or Board) and this Court satisfied the statutory requirements of section 5904(d), and, hence, gave rise to an obligation on the part of the Secretary to pay the amount of the contractual attorney fee directly to Attorney Wick out of the award of the claimant's past-due benefits. *In the Matter of the Fee Agreement of William G. Smith in Case Number 91–488*, 4 Vet.App. 487, 493–94, 502 (1993) (consolidated with *In the Matter of the Fee Agreement of Hugh D. Cox, Petitioner*, No. 93–44, and *In the Matter of the Fee Agreement of Bruce Tyler Wick in Case Number 91– 1412*, No. 92–1385) [hereinafter *Fee Agreements*].

In his motion for en banc review, the Secretary asserts, inter alia, (1) that the Court erred in concluding that Attorney Wick's fee agreement was a "contingent" fee agreement within the meaning of section 5904(d) because the agreement called for a minimum fixed fee of $800 regardless of the outcome of the case; and (2) that the Court lacks authority to order payment by the Secretary to attorney Wick pursuant to section 5904(d)(3). Because I believe that some of the Secretary's arguments on these points were not satisfactorily addressed in the Court's opinion, I write separately to set forth my views on them.[2]

The Court in the instant case held that when an attorney-fee agreement for representation before the BVA or the Court meets the requirements of section 5904(d), the Secretary is obligated **under section 5904(d)(3)** to pay the amount of the fee directly to the attorney out of any award of past-due benefits to the claimant. *Fee Agreements*, 4 Vet.App. at 493–94.[3] The

---

1. I disagree with this conclusion for the reasons stated in note 3, *infra*.

2. I agree with much of the analysis in the Court's opinion and certainly with the conclusion that the "Secretary is required to withhold attorney fees for past-due benefits and pay the fees directly to an attorney *only* when the fee agreement falls within the four corners of § 5904(d)" and that a fee agreement which called for payment of an "agreed-upon fee in excess of the 20% limit of 38 U.S.C.A. § 5904(d)(1)" is not a § 5904(d) agreement", thus precluding any direct payment by the Secretary as to any such agreement. *In the Matter of the Fee Agreement of William G. Smith in Case Number 91–488*, 4 Vet.App. 487, 499 (1993) [hereinafter *Fee Agreements*]; *see In the Matter of Smith*, 1 Vet.App. 492, 503–04, 509–10 (Steinberg, J., concurring) [hereinafter *Matter of Smith* ].

3. I do not disagree with the Court's conclusions that, under current law and regulation, the Secretary is required to pay attorney fees directly to an attorney out of past-due benefits when the fee agreement meets the requirements of section 5904(d) and that the Court has jurisdiction to enforce that payment obligation. *See Fee Agreements*, 4 Vet.App. at 492–94. I do disagree, however, with the Court's conclusion that the mandatory nature of the Secretary's direct-payment obligation arises from the provisions of section 5904(d)(3) alone. *See id.* at 494. Rather, I believe that the Secretary's obligation arises from the operation of section 5904(d)(3) **and** the regulations prescribed by the Secretary in 38 C.F.R. § 20.609(h) (1992).

Section 5904(d)(3) provides that when the requirements of section 5904(d), as to the terms of covered fee agreements, are met, "the Secretary *may* direct that payment of any attorneys' fees ... be made out of ... past-due benefits". (Emphasis added.) As stated in my concurring opinion in *Matter of Smith*, 1 Vet.App. at 504–05, the discretionary language in that statutory provision would permit the Secretary to provide by regulation that no direct payments will be made. The Secretary, however, has prescribed regulations providing that attorney-fee agreements meeting the requirements of section 5904(d) "will be honored by the Department [of Veterans Affairs]". 38 C.F.R. § 20.609(h)(1) (1992). Therefore, I believe that section 5904(d) **and** the Secretary's regulation in § 20.609, read in combination, impose an obligation upon the Secretary to honor the direct-payment provisions of attorney-fee agreements when the requirements of section 5904(d) are met.

The Court's opinion contorts language and reason in a quest to transform a statutory "may" into a "shall". Particularly unavailing is the attempt to buttress that transformation by reference to language in section 5904(d)(2)(A) describing what a covered **fee agreement** must contain in order to make an attorney eligible for direct Secretarial payment under section 5904(d)(3). The language in question ("[a] fee agreement ... is one under which the ... fee is to be paid to the attorney by the Secretary directly"), in describing the terms of a covered agreement, does not cast any light on whether the Secretary is **obligated** to honor such an agreement. The Court's quotation, to try to demonstrate the same point, from the floor

requirements of section 5904(d) include the following description of the terms of agreements under which the Secretary is authorized to make payments directly to the attorney:

(i) *the amount of the fee* payable to the attorney is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim, and (ii) *the amount of the fee* is contingent on whether or not the matter is resolved in a manner favorable to the claimant.

38 U.S.C.A. § 5904(d)(2)(A) (West 1991) (emphasis added).

The fee agreement between attorney Wick and his client in the instant case provided, in paragraph 3 of the contract, that the client agreed to pay "a Fixed Fee of $800 for Attorney's services under this Contract". The agreement further provides, in paragraph 4:

In addition to the Fixed Fee called for in paragraph 3, Client agrees to pay a fee equal to 20 percent of the total amount of any past-due benefits awarded on the basis of the Client's claim with the [VA], less the amount of the Fixed Fee paid.

(Underscoring in original.)

In its opinion in the instant case, the Court held that "[i]n view of the amount of past-due benefits awarded, the fee agreement here fits squarely within the four corners of 38 U.S.C.A. § 5904(d)", and that, hence, the Secretary was obligated to pay the attorney fees directly to the attorney out of the claimant's past-due benefits, as the fee agreement and VA's regulations, 38 C.F.R. § 20.609(h)(1) (1992), called for. *Fee Agreements*, 4 Vet.App. at 502. What the

Court has held, as a result of its qualifying language "in view of the amount of past-due benefits awarded", is that because the recovery here was sufficiently large (more than $4,000) so that the $800 fixed fee was subsumed in the 20% contingent fee, the agreement here, "calls for a fee which does 'not exceed 20 percent of the total amount of any past-due benefits.' " *Ibid.* That much is so. And there may be an implication that the fee agreement would not be a "§ 5904(d)" agreement if the award had been less than $4,000. (That would, of course, be irrelevant, since there would be no contingent fee to pay if it did not exceed the $800 minimum fixed fee already paid by the client.)

However, while concluding that the fee agreement meets "all of the other statutory criteria", *ibid.*, the Court ignores the requirement in section 5904(d)(2)(A)(ii) that "the amount of the fee [be] contingent on whether or not the matter is resolved in a manner favorable to the claimant." 38 U.S.C.A. § 5904(d)(2)(A)(ii) (West 1991).

In his motion for review, the Secretary contends that the Wick fee agreement is not one in which "the amount of the fee is contingent on whether or not the matter is resolved in a manner favorable to the claimant" because a fee is contingent within the meaning of the statute only when the *entire* fee is contingent upon a successful resolution of the claim or, stated differently, the fee agreement must provide that the attorney receives no fee if the claim is unsuccessful. For the reasons stated below, I agree with the Secretary's contention.

statement of the Senate sponsor of the legislation, likewise refers to a description of the fee agreement's provisions, not to an obligation on the Secretary's part to make direct payment out of past-due benefits.

Equally strained is the Court's non sequitur that in order "to *permit* the Secretary to honor a claimant's assignment of a portion of past-due benefits ... despite the statutory prohibition of the assignment of veterans benefits payments [in] 38 U.S.C.A. § 5301(a) (West 1991)", "the word 'may' must be read as permissive rather than discretionary...." Surely, the Congress could have, indeed it did, "permit" the Secretary, as an exception to the prohibition on as-

signment of benefits, to make direct payments in such situations without requiring such payments.

Finally, the Court's holding on this score seems inconsistent with the Court's conclusion in *Aronson v. Derwinski*, 3 Vet.App. 162, 164 (1992), quoting my concurrence in *Matter of Smith*, 1 Vet.App. at 505, that "the Secretary [by adopting regulations] has acknowledged his obligation with regard to payment of attorney fees from past due benefits and, by doing so, has eliminated the discretionary element and the need to rely on 'common law contract principles to honor the assignment'."

There is perhaps some ambiguity in the statutory language requiring that under the fee agreement "the *amount* of the fee [be] contingent on whether or not the matter is resolved in a manner favorable to the claimant". 38 U.S.C.A. § 5904(d)(2)(A)(ii) (West 1991) (emphasis added). The term "amount of the fee", if read in isolation, could perhaps be seen as referring to the relative amount of the fee, thus requiring only that a portion of the fee be contingent upon success and leaving the attorney free to receive a greater "amount" if the claim is successful. However, for the following reasons, I believe that those four words, when read in proper context, refer to the *total* fee, thus requiring that the entire fee be contingent upon success in order for direct Secretarial payment to be permissible.

First, the latter meaning more clearly comports with the ordinary meaning of the term "amount", which is defined as meaning "total" or "the whole meaning, value, or effect", but may also mean simply "a quantity". WEBSTER'S NEW WORLD DICTIONARY 46 (3d Coll.Ed.1988).

Second, reading that provision in the context of the rest of section 5904(d)(2)(A) demonstrates that the term "amount" is intended to refer to the entire fee and thus to require that the entire fee be contingent upon success. Section 5904(d)(2)(A)(i) describes a fee agreement providing that "the *amount* of the fee payable to the attorney is to be paid to the attorney by the Secretary directly from any past-due benefits awarded". (Emphasis added.) In that preceding sentence, the term "the amount" unambiguously refers to the entirety of the attorney fee. It would thus be unreasonable to construe the term "the amount of the fee" in the immediately following sentence (and only thirty words thereafter) in section 5904(d)(2)(A)(ii) as referring to anything other than the entirety of the fee and thus as requiring anything other than that the entirety of the fee be contingent upon success. *See Estate of Cowart v. Nikolos Drilling,* —— U.S. ——, ——, 112 S.Ct. 2589, 2596, 120 L.Ed.2d 379, 391 (1992) (it is a "basic cannon of statutory construction that identical terms within an Act bear the same meaning"); *Morrison–Knudsen Constr. Co. v. Director, Office of Workers' Compensation Programs, United States Department of Labor,* 461 U.S. 624, 633, 103 S.Ct. 2045, 2050, 76 L.Ed.2d 194 (1983) ("a word is presumed to have the same meaning in all subsections of the same statute").

Furthermore, to construe section 5904(d) as applying to a fee agreement calling for a partially contingent fee and a partially fixed fee would all but vitiate any requirement that the fee be contingent. Under such an interpretation, attorneys would be free to contract for virtually any amount of fixed fee to be paid whether or not the claim is successful, and, yet, so long as the fee agreement also called for, instead of such fixed fee alone, a contingent fee with the fixed fee to be subtracted from it, of not more than 20% of any past-due benefits awarded in the event that the claim is successful, the provisions of section 5904(d) would be applicable and would create an obligation for the Secretary to pay the contingent fee directly to the attorney from the past-due benefits.

Such a construction would make a mere formality of the requirement that a fee agreement provide for a contingent fee in order for the attorney to be entitled to direct payment from the Secretary. As stated in my concurring opinion in *In the Matter of Smith,* 1 Vet.App. 492, 503–04 (1991) (Steinberg, J., concurring) [hereinafter *Matter of Smith* ], the language and legislative history of section 5904(d) compel the conclusion that an attorney may receive direct payment of fees by the Secretary only where the *sole* fee payable under the fee agreement is a contingent fee of not more than 20% of past-due benefits. I stated in *Matter of Smith:*

> An attorney desiring to be guaranteed receipt of the contingent fee if the claim is resolved in a manner favorable to the claimant has the option of entering into an agreement with the claimant to have the fee paid directly by the Secretary out of any past-due benefits awarded.
>
> However, as a consequence of being guaranteed payment if victorious, a suc-

cessful attorney who opts to receive such payment directly from the Secretary has to accept a total fee limited to the amount paid to him directly by the Secretary, which may not exceed 20 percent of the past-due benefits awarded.

. . . .

An attorney not wanting to risk a completely contingent fee may enter into an agreement with the claimant . . ., to have both a fixed and a contingent fee, as long as the attorney is not paid the contingent fee directly by the Secretary.

*Matter of Smith,* 1 Vet.App. at 504.

The benefit which attorneys obtain from constructing their fee agreements to comply with section 5904(d)—the assurance, if successful in the case, of payment directly from the Secretary as opposed to having to seek payment from the client—is obtained at the expense of the attorney's right to charge a fee if the claim is not successful. To allow a partial-fixed/partial-contingent fee agreement to constitute a contingent-fee agreement under section 5904(d) just because the agreement is drafted with sufficient care as to bring the ultimate recovery to no more than 20% of past-due bene-fits if the claim is successful would contravene the readily apparent purpose of section 5904(d) by allowing attorneys to have it both ways—to obtain payment of a fee directly from the Secretary if the claim is successful, and to charge the client a fixed fee if the claim is unsuccessful. Rather, section 5904(d) was designed to apply only in cases where no attorney fee is to be paid under the fee agreement unless the claimant prevails.

Hence, I would hold that Attorney Wick's fee agreement in this case, calling for a partial-fixed/partial-contingent fee, does not meet the requirements of section 5904(d) and that the Secretary is thus not obligated—indeed, is not authorized—to pay attorney fees directly to Mr. Wick under the agreement and applicable law and regulation.