Keith D. SNYDER,
Appellant/Petitioner,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee/Respondent.

Patrick D. McCreary, Intervenor.

Nos. 98–2219, 99–1164.

United States Court of Appeals
for Veterans Claims.

Dec. 23, 1999.

Before KRAMER, STEINBERG, and GREENE, Judges.

**ORDER**

PER CURIAM:

On March 27, 1991, the veteran, Patrick D. McCreary, appealed pro se a December 28, 1990, Board of Veterans' Appeals

(Board or BVA) decision denying a claim for an increased rating above 20% for a lumbosacral strain. *McCreary v. Derwinski,* U.S. Vet.App. No. 91–530, 1 Vet.App. 618 (order Oct. 28, 1991). On May 29, 1991, the veteran entered into a fee agreement with his attorney, Keith D. Snyder [hereinafter "the attorney"], for representation before the Department of Veterans Affairs (VA); the attorney subsequently filed that fee agreement with the Board. On June 4, 1991, the attorney filed with this Court an appearance as counsel for the veteran in that appeal to the Court and filed a fee agreement, also dated May 29, 1991, as to that representation. Each fee agreement provided for a contingency fee of 20% to be withheld by the Secretary from any VA award of past-due benefits made to the veteran.

On October 23, 1991, the parties filed with this Court a joint motion for remand as to the rating-increase claim, and the Court granted that motion and vacated the December 1990 BVA decision and remanded that matter. *Ibid.* On January 14, 1992, the Board remanded to the Cleveland, Ohio, VA regional office (RO) claims for a restoration of a 40% rating for lumbosacral strain, for an increased rating above 40% for lumbosacral strain, and for a rating of total disability based on individual unemployability (TDIU). In April 1993, the VARO denied those claims and confirmed a 20% rating for lumbosacral strain, effective March 1, 1990. In a December 7, 1993, BVA decision, the Board deferred its decision as to those claims and remanded a claim for VA service connection for a psychiatric disorder secondary to service-connected lumbosacral strain. The RO denied all four claims on February 28, 1995. In an August 25, 1995, BVA decision, the Board again remanded those four claims. On February 18, 1998, the RO, inter alia, granted a rating increase to 40% for lumbosacral strain, effective March 1, 1990; it also awarded service connection for chronic dysthymic (depressive) disorder, assigning a rating of 50%, effective April 5, 1990, and awarded a TDIU rating.

On April 24, 1998, the RO awarded the veteran a lump-sum amount of $136,951.00 in past-due benefits for the three awards, paid him $109,560.80, and withheld $27,-390.20 as a "potential 20% contingent fee" to be paid to the attorney here.

In a November 25, 1998, BVA decision, the Board (1) denied eligibility for payment of attorney fees to the attorney from past-due benefits awarded to his client, the veteran, for the restoration of a 40% rating for a low-back disorder and for the TDIU rating and (2) reduced to $0, as unreasonable, attorney fees, called for in the fee agreement for representation before VA and the Board on the veteran's successful claim for service connection for a neuropsychiatric disorder. On December 2, 1998, the attorney appealed through counsel that BVA decision. Also on December 2, 1998, the Court issued the "Notice of Docketing" in this case, with copies to the attorney and the Secretary.

On June 11, 1999, the RO sent a letter to the veteran, advising him that the attorney had filed an appeal and that the veteran had the right to intervene in the appeal. The letter also stated that, even though the 60–day deadline for filing a notice of intent to intervene under Rule 15 of the Court's Rules of Practice and Procedure (Rules) had already expired, the veteran could still file such a notice to intervene because he had not been served with a copy of the "Notice of Docketing" pursuant to Rule 4(b).

On June 29, 1999, the Secretary filed a motion seeking Court review of the fee agreement for the attorney's representation before the Court in *McCreary, supra,* and a motion to stay proceedings. On June 30, 1999, the Court ordered the attorney to file a brief on or before August 23, 1999. On July 6, 1999, the veteran filed a pro se letter with the Court, which the Court will construe (1) as a motion under Rule 2 for permission to file out-of-time a motion for permission to intervene and (2) a motion under Rule 15 for permission to

intervene in this case. *See Jones (Gloria) v. Brown,* 6 Vet.App. 388, 388–89 (1994) (noting that Court, in that case, had granted motion to intervene after granting motion for permission to file that motion out-of-time). On July 12, 1999, the Secretary filed a motion for leave to submit certain correspondence from the veteran, namely, correspondence that the veteran had already submitted to the Court on July 6, 1999. Also on July 12, 1999, the attorney filed through his own counsel a response in opposition to the Secretary's June 29, 1999, motions regarding Court review of the fee agreement for the attorney's representation of the veteran before the Court.

Finally, on July 12, 1999, the attorney filed through counsel a petition for extraordinary relief in the nature of mandamus, seeking a Court order (1) that the Secretary show cause as to why he has failed to pay to the attorney the withheld attorney fees; and (2) either (A) that the Secretary make immediate payment of the withheld attorney fees or (B) that the Board direct the RO to make a decision so that the veteran may file a Notice of Disagreement as to his entitlement to a 20%-contingency fee for his successful representation of the veteran in this Court in *McCreary, supra.* On July 28, 1999, the Court ordered the Secretary to file an answer to the petition. The Secretary responded in opposition to the petition on August 24, 1999; the attorney replied on September 3, 1999; and on September 8, 1999, the Secretary filed a motion to strike that reply on the ground that Rule 21 does not allow for such a filing in addition to a petition and an answer.

On October 1, 1999, the Court consolidated the two cases, submitted them to a panel, and scheduled oral argument. On October 6, 1999, the Secretary filed a motion for clarification of the Court's October 1, 1999, order. He requests clarification as to whether oral argument will include a discussion of the merits of the appeal as well as of the issues raised in his June 29, 1999, motion and the petition. In addition, he reminds the Court that the veteran has filed a motion to intervene in the appeal and that there thus might be an issue as to whether counsel should be appointed to represent the veteran at oral argument. The Court scheduled oral argument for November 3, 1999.

On October 18, 1999, the attorney filed through counsel an amended petition for extraordinary relief; he requests relief based on the "inexplicable action" by the RO in paying to the veteran on September 17, 1999, the $27,390.20 that the Secretary had withheld for contingent attorney fees from the past-due benefits award of $136,951.00 made on April 24, 1998, by the RO. On October 21, 1999, the Court issued an order canceling the oral argument. The Court notes that that order in effect moots the Secretary's motion for clarification of the issues to be addressed at oral argument.

As to the amended petition, the Court notes that the Court has determined that the withholding of 20% for attorney fees from an award of past-due benefits is mandatory. *See In the Matter of the Fee Agreement of Smith,* 4 Vet.App. 487, 493–94 (1993) (consolidated with *In the Matter of the Fee Agreement of Wick* ) (*Fee Agreement of Smith* ), *rev'd on other grounds, In the Matter of the Fee Agreement of Wick,* 40 F.3d 367 (Fed.Cir.1994) (*Fee Agreement of Wick* ); *see also Aronson v. Derwinski,* 3 Vet.App. 162, 164 (1992) (noting that "the Secretary has acknowledged his obligation with regard to payment of attorney fees from past due benefits and, by doing so, has eliminated the discretionary element and the need to rely on 'common law contract principles to honor the assignment' " (quoting *In the Matter of the Fee Agreement of Smith,* 1 Vet.App. 492, 505 (1991) (Steinberg, J., concurring))); *In the Matter of the Fee Agreement of Smith,* 5 Vet.App. 307, 308–09 n. 3 (1993) (en banc per curiam order) (Steinberg, J., dissenting to denial of en banc review). We do not understand the Secretary to contend otherwise. The October 1, 1999, letter

from the RO to the veteran, which the attorney has enclosed with his amended petition, seemed to concede that matter. In that letter, the RO stated:

A check, dated September 17, 1999, in the amount of $27,390.20 was issued to you. You confirmed on September 23, 1999, that you had received and negotiated this check.

There is a motion before the United States Court of Appeals for Veterans Claims petitioning for payment of attorney fees to Keith D. Snyder, Attorney at Law. The $27, 390.20 represents past-due benefits that are potentially payable to the attorney.

We require that you return the $27,-390.20. *These funds do not belong to you.* The issue of payment of attorney fees from past-due benefits is still in litigation. If the Court determines that Mr. Snyder is not entitled to payment of these funds, they will be refunded to you at that time. *Your cooperation will greatly assist in the litigation process.*

Amended Petition, Exhibit 1 (emphasis added).

The Court also notes that in *In the Matter of the Fee Agreement of Mason,* 13 Vet.App. 79 (1999) *(Fee Agreement of Mason),* the Court recently held:

[W]here an attorney successfully represents a VA claimant before this Court and has filed a qualifying attorney-client fee agreement which directs payment by the Secretary from an award of past-due benefits awarded on the basis of the claim filed with VA, the Secretary is obligated to pay directly to the attorney 20% of the past-due benefits awarded on the basis of the claim or application for benefits *underlying the issues successfully appealed to this Court.*

*Id.* at 86. Also, the Court held in *Fee Agreement of Mason* that "[p]ursuant to a qualifying fee agreement, an attorney may not seek a *total* fee of more than 20% of the past-due benefits awarded on the basis of the underlying claim for his representation before the Court, the Board, and VA."

*Ibid.* That is, the Court held that the 20% contingency fee payment could not be paid twice—for winning a remand in the Court and then again for postremand representation before the Department that resulted in the award of past-due benefits.

The Secretary's failure to continue to carry out his obligation to withhold the 20% amount, *see* 38 U.S.C. § 5904(d)(3); 38 C.F.R. § 20.609(h) (1998), has potentially frustrated the jurisdiction of this Court over the *appeal* from the BVA decision. In that regard, the Court notes that the Secretary has contended previously that the Court has no authority to order the Secretary to pay an attorney a 20% withheld fee to which it is determined the attorney is entitled but as to which the Secretary had made an unlawful disbursement to the veteran. *See Cox v. West,* 149 F.3d 1360, 1362 (Fed.Cir.1998), *vacating in part on other grounds In the Matter of the Fee Agreement of Cox,* 10 Vet.App. 361 (1997) *(Fee Agreement of Cox); id.* at 367. Contrary to that contention, the Court has held that it does have jurisdiction to require such payment by the Secretary. *See Fee Agreement of Smith,* 4 Vet.App. at 492–93, 495–98. The U.S. Court of Appeals· for the Federal Circuit reversed in that case as to the Court's jurisdiction to consider this issue as one of original jurisdiction but did not reach the issue of the Secretary's responsibility to pay directly to an attorney funds withheld from past-due benefits awarded. *Fee Agreement of Wick,* 40 F.3d at 373. Hence, given the Court's authority pursuant to the All Writs Act (AWA), 28 U.S.C. § 1651(a), *see Fee Agreement of Cox,* 10 Vet.App. at 369 (holding that this Court possesses authority to issue a writ of mandamus under the AWA); *accord Cox v. West,* 149 F.3d at 1363, this might be a case where the Court would need to exercise its AWA authority in order to protect the Court's jurisdiction over the pending appeal.

The Court trusts that the Secretary would comply with the opinion in *Fee*

*Agreement of Mason* as to payment to the attorney of attorney fees owed to him for his representation before the Court, were funds available to the Secretary to make such payment. The Court notes that were such payment to be made to the attorney pursuant to *Fee Agreement of Mason,* that action would moot in whole or in part further proceedings in this appeal. *See Fee Agreement of Mason,* 13 Vet.App. at 86 (20% contingency fee payable only once); Secretary's June 29, 1999, motion at 2–3 (seeking Court review of fee agreement for attorney's representation before Court). In that regard, the Court notes that the Secretary has the authority to declare overpayments and offset debts from payments scheduled to be made to indebted-to-VA beneficiaries, *see* 38 U.S.C. § 5314; 38 C.F.R. §§ 1.900–1.954 (1998). Moreover, the Court notes that the Secretary has the authority under 38 U.S.C. § 503(a), if he "determines that benefits administered by the Department have not been provided by reason of administrative error on the part of the Federal Government or any of its employees, ... [to] provide such relief on account of such error as the Secretary determines equitable, including the payment of moneys to any person whom the Secretary determines is equitably entitled to such moneys." *See also* 38 C.F.R. § 2.7 (1998).

Accordingly, the Court will direct parties to file their briefs in the appeal, which should address as well the Court's authority to issue a writ, under the AWA, in aid of the Court's jurisdiction over the appeal, directing the Secretary, pending the resolution of the appeal and writ currently before this Court, to replenish the amount disbursed that had been withheld pursuant to section 5904. *See also* 38 U.S.C. §§ 503(a), 5314; 38 C.F.R. §§ 1.900–1.954, 2.7.

The Court will grant the veteran's construed motions regarding his intervention. In addition, because the Court has determined that this case should proceed before a panel, the Court notes that it has adopted a policy that where the "appellant" is unrepresented in a case referred to a panel for a possibly precedential disposition the Court will stay proceedings in that case for the purpose of allowing the pro se appellant to obtain representation. *In re Panel Referrals in Pro Se Cases,* 12 Vet. App. 316 (1999) (en banc order). Although the veteran is an intervenor and not the appellant here, the Court notes that he might wish to consider retaining counsel to represent him in this matter. The Court notes further that even if *In re Panel Referrals in Pro Se Cases* applied here, the Court would not need to impose a stay of proceedings for this purpose because no final disposition will be made here for at least 80 days (in view of the briefing time frames established by this order), thereby affording the veteran ample time to retain counsel if he wishes and affording him the opportunity to file a brief in response to the attorney's and the Secretary's briefs filed pursuant to this order. *See Curtis v. West,* 13 Vet.App. 114, 116 (1999) (holding that 30–day stay not required where Court found in favor of pro se appellant and Secretary had full opportunity to file briefs on issue in question). In that brief, the veteran may reply in any fashion he wishes to the briefs filed in the appeal, and although he has not sought to intervene in the writ case, No. 99–1164, the Court has now consolidated the cases and will thus accept from him any response he wishes to file in that case, including as to the amended petition.

Finally, the Court notes that it will be very much disinclined to grant *any* party any extension of time in this matter.

Upon consideration of the foregoing, it is

ORDERED that the veteran's July 6, 1999, construed motion for permission to file out-of-time a motion for permission to intervene is granted, that his construed motion for permission to intervene is accepted for filing as of the date on which it was received by the Court and is granted, and that the consolidated case is recaptioned, as above, to include the veteran as

 

intervenor in both proceedings. It is further

ORDERED that the Secretary's July 12, 1999, motion for leave to submit certain correspondence from the veteran and his October 6, 1999, motion for clarification are dismissed as moot. It is further

ORDERED that the Secretary's September 8, 1999, motion to strike the attorney's September 3, 1999, reply in the writ case is denied as moot because the Court, sua sponte, grants the attorney leave to file the September 3, 1999, reply. It is further

ORDERED that, not later than 30 days after the date of this order, the attorney file, and serve on the Secretary and the veteran, his brief in the appeal, which shall (1) address the Court's authority to issue a writ, under the AWA, in aid of the Court's jurisdiction over the appeal, directing the Secretary, pending the resolution of the appeal and writ in this Court, to replenish the amount disbursed that had been withheld and (2) specify the fee amount that the attorney contends he is entitled to under the fee agreement for his representation before the BVA/VA and before the Court and the basis for each such amount. It is further

ORDERED that, not later than 30 days after service of the attorney's brief, the Secretary file, and serve on the attorney and the veteran, his brief. In that brief, he shall also advise the Court of the Secretary's intention with regard to payment to the attorney of attorney fees under the agreement for his representation before the Court, as provided for in *Fee Agreement of Mason, supra,* on the assumption that the Secretary had available the $27,-390.20 that was wrongfully disbursed to the veteran. *See also* 38 U.S.C. §§ 503(a), 5314; 38 C.F.R. §§ 1.900–1.954, 2.7. It is further

ORDERED that, not later than 20 days after service of the Secretary's response, the attorney may file, and serve on the Secretary and the veteran, a reply. It is further

ORDERED that, not later than 30 days after service of the attorney's reply or after the expiration of the time for the filing of such a reply, the veteran may file, and serve on the attorney and the Secretary, a brief that encompasses his position on any and all pleadings filed in both the appeal and writ cases.