# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

Nos. 98-2219 and 99-1164

KEITH D. SNYDER,                                                  APPELLANT/PETITIONER,

v.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS,                                   APPELLEE/RESPONDENT.

PATRICK D. MCCREARY,                                             INTERVENOR.

Before KRAMER, STEINBERG, and GREENE, *Judges*.

## O R D E R

Before the Court is is a motion by each party. On January 13, 2000, the appellant/petitioner filed a motion, through counsel, to exceed the 25-page limit for briefs that is set forth in Rule 32(g) of the Court's Rules of Practice and Procedure (Rules). His motion is accompanied by a 43-page brief. He argues that the 18 pages in excess of the 25-page limit are needed in order to develop and discuss thoroughly the issue of the Court's jurisdiction over this appeal. In the alternative, he requests that, should the Court deny his motion to exceed the page limit, the Court allow him "to edit" his brief to conform to the 25-page limit and to file timely such an edited brief. Motion at 2.

On February 10, 2000, the Secretary filed a motion for a stay of proceedings pending the Court's en banc disposition of *Scates v. West*, 13 Vet.App. 98 (1999), *motion for en banc decision granted* No. 97-875 (Feb. 2, 2000) (per curiam en banc order withdrawing *Scates*, *supra*).

The appellant/petitioner's brief is lodged as a response to the Court's December 23, 1999, order that, inter alia, required him to file a

> brief in the appeal, which shall (1) address the Court's authority to issue a writ, under the [All Writs Act, 28 U.S.C. § 1651(a)], in aid of the Court's jurisdiction over the appeal, directing the Secretary, pending the resolution of the appeal and writ in this Court, to replenish the amount disbursed that had been withheld and (2) specify the fee amount that the attorney contends he is entitled to under the fee agreement for his representation before the [Board of Veterans' Appeals (Board) and Department of Veterans Affairs] and before the *Court and the basis for each such amount.*

*Snyder v. West*, 13 Vet.App. 244, 249 (1999). The Court also noted that it would be "very much disinclined to grant **any** party any extension of time in this matter." *Id*. at 248.

Although the appellant/petitioner states that "due to the issue involved there is a need for thorough development and discussion of the Court's jurisdiction", he never discusses, as the Court's December 23, 1999, order expressly required, the Court's jurisdiction as to the fee agreement for representation in the Court, which in this case was filed as to an appeal to this Court that has been fully concluded and which is the subject of the petition for a writ of mandamus. Neither does he address, as the Court's December 23, 1999, order also expressly required, the basis for the amount of attorney fees he alleges that he is entitled to for his representation before the Court. Instead, he repeatedly asserts that the Board can have no jurisdiction to review a fee for representation in this Court despite the fact that this Court has expressly remanded a case to the Board for just that purpose and that the appellant/petitioner relies upon the opinion in that case throughout his pleading. *In the Matter of the Fee Agreement of Mason*, 13 Vet.App. 79, 87-88 (1999) (*Fee Agreement of Mason*) (remanding issue of whether eligibility for total disability based on individual unemployability (TDIU) rating was part of veteran's claim underlying Court's previous remand decision on which attorney's claim for fee for representation in this Court was based and thus whether attorney would be entitled to payment by Secretary of 20% fee from past-due benefits awarded on basis of that TDIU claim).

In addition, the brief is prolix in the extreme. First, it includes, virtually verbatim, almost two single-spaced pages from the Court's December 1999 order, which could have been incorporated by reference, the Court having shown its awareness of the facts. Second, it is highly repetitious as to several arguments. Third, it devotes about six pages to whether withholding and payment by the Secretary is "mandatory"; yet, that is precisely what the Court's December 1999 order stated to be the law. Fourth, it includes arguments that anticipate the Secretary's arguments (*e.g.*, sovereign immunity); whereas, should the Secretary make that argument in his brief, that issue should be addressed in the appellant/petitioner's reply brief.

Finally, as noted above, the appellant/petitioner in his motion requests an opportunity "to edit his Brief and refile timely" if the Court denies the motion. Yet, he filed that pleading eleven days before it was due, apparently without editing it.

Although, for the reasons set forth above, the Court will deny the attorney's motion to exceed the page limit, it will grant his request for an opportunity to resubmit a brief that complies with the Court's rules. The Court considered not permitting the attorney a second opportunity to file a complying brief, but decided that such a denial would not be in the best interests of promoting an enlightened resolution of the pending matter or be in keeping with prior actions of the Court that have not generally strictly construed the Rule 32(g) page limits. As to the Secretary's motion for a stay, the Court will defer ruling until briefing is completed in this case.

Upon consideration of the foregoing, it is

ORDERED that the attorney's motion to exceed the Rule 32(g) page limit is denied, and the lodged brief will be returned to the attorney. It is further

2

ORDERED that, not later than 10 days after the date of this order, the attorney file, and serve on the Secretary and the veteran, a 25-page, edited brief addressing the issues specified in the Court's December 23, 1999, order and this order.  It is further

ORDERED that the Secretary's motion for a stay is held in abeyance pending further order of the Court.

DATED:  February 25, 2000                                   PER CURIAM.