# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 95-1068 AND No. 99-1250

HUGH D. COX, APPELLANT/PETITIONER,

v.

HERSHEL W. GOBER ,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE/RESPONDENT,

SAMUEL MOSLEY, INTERVENOR.

On Appeal from the Board of Veterans' Appeals

On Petition for Extraordinary Relief

(Decided  October 6, 2000  )

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the pleadings for the appellant/petitioner.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; and *Michael A. Leonard,* Deputy Assistant General Counsel, all of Washington, DC, were on the pleadings for the appellee/respondent.

Before NEBEKER, *Chief Judge*, and FARLEY and STEINBERG, *Judges.*

PER CURIAM:  This consolidated case involves both an appeal and a petition for an extraordinary writ arising out of the same underlying merits appeal to this Court.  The appeal is from a June 22, 1999, decision of the Board of Veterans' Appeals (BVA or Board) that held that VA did not have the authority to pay attorney fees to the appellant where all past-due benefits had already been paid to the veteran.  The petition seeks a writ of mandamus to compel the Board to issue a final decision on his claim for attorney fees.  For the reasons that follow, the Court will reverse the decision of the Board and order the Secretary to pay to the appellant his agreed-upon attorney fees, and will dismiss the petition as moot.

## I.

The appellant, attorney Hugh D. Cox, was retained by the veteran, intervenor Samuel Mosley, on December 10, 1991. Record (R.) at 53. Mr. Cox duly notified VA of his representation of the veteran and filed a copy of their fee agreement by letter dated December 31, 1991. R. at 55. The fee agreement between Mr. Cox and Mr. Mosley provided for direct payment by VA of 20% of any past-due benefits awarded to the veteran as a result of Mr. Cox's representation of the veteran. R. at 53, 55. In October 1992, the veteran was granted service-connected benefits for post-traumatic stress disorder (PTSD). R. at 58-61. The veteran was notified of this decision by letter dated October 22, 1992; however, no notification was sent to his attorney, Mr. Cox. R. at 65. Payment of all past-due benefits, totaling $37,408.00, was made directly to the veteran. R. at 65, 71.

In November 1992, the appellant sent a letter to the VA regional office (RO) involved, reminding it that he represented the veteran and was entitled to receive a copy of all correspondence sent to the veteran and to receive payment of 20% of all past-due benefits awarded as a result of the PTSD claim. R. at 68-69. By letter dated December 4, 1992, the RO informed the appellant as follows:

> We have reviewed this case and find that you are entitled to a fee of 1/5 of past due benefits. . . . [Mr. Mosley's] past due benefits were $37,408.00. You are entitled to a fee of $7,481.60.
>
> Since this case was not referred to the Board of Veterans [sic] Appeals the award procedure did not include consideration for payment of attorney fees. Payment was made to the claimant and the VA will be unable to pay your fee from past due benefits as these benefits have already been disbursed. We regret the error but any adjustment of the fee must be arranged between you and Mr. Mosley.

R. at 73.

In his first attempt to collect the fee VA acknowledged should have been paid by VA directly to him, Mr. Cox filed a petition for extraordinary relief with this Court on January 11, 1993. Supplemental R. at 20-32. The appellant sought a writ of mandamus ordering the Secretary to show cause why, inter alia, he should not be held in contempt for failure to comply with 38 U.S.C. § 5904 and VA should not immediately pay counsel the amount of $7,481.60. *Id.* By order dated February 23, 1993, the Court consolidated the appellant's petition with two other petitions for extraordinary relief involving fee agreements.

In the consolidated cases of William G. Smith, Hugh D. Cox, and Bruce Tyler Wick, the Court dismissed Mr. Cox's petition for failure to exhaust his administrative remedies. *In the Matter of Fee Agreements of Smith*, *Cox*, *and Wick*, 4 Vet.App. 487, 500 (1993) (*In re Smith*), *vacated on other grounds sub nom. In the Matter of Fee Agreement of Wick*, 40 F.3d 367 (Fed. Cir. 1994) (*In re Wick*). The Court also found that it did not have direct jurisdiction to review the fee agreement between Mr. Cox and the veteran because Mr. Cox did not represent Mr. Mosley before this Court. *Id.* In that same opinion, the Court held that it did have original jurisdiction (as opposed to jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a)) to review the fee agreement of attorney Bruce Tyler Wick pursuant to 38 U.S.C. § 7263 because he did represent his client before this Court. *Id*. at 501. That holding, however, was reversed by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). *In re Wick*, *supra*.

Following this Court's decision in *In re Smith*, *supra*, Mr. Cox filed in April 1993 a Motion for Payment of Attorney's Fees with the BVA asking the Board to authorize payment of his fee. R. at 75-77. In May 1993, the Board responded to the appellant's motion by letter informing him that the Board could not grant his motion at that time because it did not meet the requirements of a motion for review of a fee agreement pursuant to 38 C.F.R. § 20.609(i), and because of the appeal of *In re Wick* then pending at the Federal Circuit. R. at 80. After the Federal Circuit issued its decision in *In re Wick*, *supra*, the appellant again filed a Motion for Payment of Attorney Fees with the Board. R. at 82. By letter dated April 20, 1995, the RO notified Mr. Cox that it had no authority to pay him his attorney fee because all past-due benefits had been paid to the veteran. R. at 90. In May 1995, the Board informed the appellant that, as a result of *In re Wick*, *supra*, it would continue to follow VA General Counsel Precedent Opinion 27-92 (Dec. 9, 1992) [hereinafter G.C. Prec. 27-92], which concluded that "VA has no legal authority to pay attorney fees when payment of the complete amount of past-due benefits had been made to the claimant," and denied the appellant's motion. R. at 94-95.

In June 1995, Mr. Cox filed a Motion to Issue a Final BVA Decision with the Board. R. at 97. The appellant sought a final BVA decision so that, if adverse, he could appeal that decision to this Court. *Id*. By letter dated August 1995, the BVA Deputy Vice Chairman denied the appellant's

motion on the basis that the Board had no authority to grant the relief requested by the appellant. R. at 100.

In October 1995, Mr. Cox filed a second petition for extraordinary relief with this Court. R. at 105-13. Mr. Cox sought an order from this Court compelling the BVA to issue a final decision on his claim for attorney fees. *Id*. We denied that petition, finding that Mr. Cox had still failed to exhaust his administrative remedies in that he had not filed a Notice of Disagreement (NOD) as to the RO's initial decision not to pay the 20% fee to him. *In the Matter of Fee Agreement of Cox*, 10 Vet.App. 361 (1997) (*In re Cox*). The Court noted, however, that the RO had not properly notified Mr. Cox of its decision not to pay and that, therefore, his claim remained pending and he could still file a timely NOD. *Id*. Mr. Cox appealed that decision to the Federal Circuit. The Federal Circuit concluded that this Court "had correctly held that a writ of mandamus was not warranted because [the appellant] had yet to file an NOD". *Cox v. West*, 149 F.3d 1360, 1365 (Fed. Cir. 1998). Nonetheless, the Federal Circuit remanded the matter to this Court for reconsideration of the propriety of issuing the writ because counsel for the appellant had asserted during oral argument before the Federal Circuit that the appellant had pursued such an alternative remedy by filing, subsequent to this Court's August 7, 1997, opinion in *In re Cox*, an NOD with the RO, but that VA had failed to adjudicate his claim. *Cox*, 149 F.3d at 1365-66. On March 24, 1999, after this Court had ordered supplemental briefing that revealed that the appellant had in fact filed two NODs and that the RO had issued a Statement of the Case, this Court denied the petition for extraordinary relief as moot. *Cox v. West*, 12 Vet.App. 270, 271-72 (1999) (per curiam order).

On May 25, 1999, the appellant filed with this Court an application pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for attorney fees and expenses in connection with his litigation in the Federal Circuit on his petition for a writ of mandamus and subsequent litigation in this Court. On June 22, 1999, the Board issued the decision here on appeal, and on July 23, 1999, the appellant filed a timely appeal to this Court. Rather than directing the appeal to the panel assigned to Mr. Cox's writ of mandamus, the appeal was inadvertently assigned to another Judge on this Court.

On March 6, 2000, this panel, then unaware of the June 22, 1999, BVA decision that is the subject of this appeal, revoked its March 24, 1999, order denying the appellant's petition for a writ

of mandamus and reinstated the petition; dismissed as premature the EAJA application; and ordered the Secretary to file a supplemental memorandum (and supplemental memoranda every 60 days thereafter) advising the Court of the progress and timetable for completion of the VA administrative proceedings in the ongoing adjudication of the fee-agreement matter that was the subject of the petition. *Cox v. West*, 13 Vet.App. 364, 366-67 (2000) (per curiam order). On March 10, 2000, the Secretary filed an unopposed motion for revocation of the Court's March 6, 2000, order, on the grounds that the appellant's administrative appeal to the Board had been completed and that the Board's decision had been appealed to this Court.

On April 28, 2000, the Court consolidated the appeal of the Board's June 22, 1999, decision (No. 99-1250) with the petition (No. 95-1068) and submitted the appeal to this panel. Because the June 22, 1999, BVA decision completed the Board's adjudication of the fee-agreement matter that was the subject of the petition, the Court, on May 5, 2000, granted in part the Secretary's March 10, 2000, motion as to the requirement that the Secretary file status reports every 60 days as to VA's progress and timetable for completion of the administrative proceedings. *Cox v. West*, 13 Vet.App. 461 (2000) (per curiam). In the May 5, 2000, order, the Court also granted the veteran's motion to intervene and ordered additional briefing. *Id*.

The parties have filed briefs, and this matter is now properly before this panel for decision. Because there is now a final BVA decision on the appellant's claim for attorney fees, the petition for a writ of mandamus is moot and will be dismissed. Additionally, because of the Board's June 22, 1999, decision, the Court now has direct jurisdiction over the fee-agreement matter pursuant to 38 U.S.C. § 7252(a), which this Court and the Federal Circuit found lacking in *In re Smith* and *In re Wick*. *Cf. Scates v. Gober*, __ Vet.App. __, No. 97-875 (Aug. 11, 2000) (holding that the BVA has no original jurisdiction to review whether an attorney is entitled to a fee pursuant to § 5904(c)(2) absent an RO decision on that issue). For the reasons that follow, the June 22, 1999, decision of the Board will be reversed.

## II.

Section 5904(d) of title 38, U.S. Code, provides:

(d)(1) When a claimant and an attorney have entered into a fee agreement described in paragraph (2) of this subsection, the total fee payable to the attorney may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim.

(2)(A) A fee agreement referred to in paragraph (1) is one under which the total amount of the fee payable to the attorney--

(i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim; and

(ii) is contingent on whether or not the matter is resolved in a manner favorable to the claimant.

(B) For purposes of subparagraph (A) of this paragraph, a claim shall be considered to have been resolved in a manner favorable to the claimant if all or any part of the relief sought is granted.

(3) To the extent that past-due benefits are awarded in any proceeding before the Secretary, the Board of Veterans' Appeals, or the United States Court of Appeals for Veterans Claims, the Secretary may direct that payment of any attorneys' fee under a fee arrangement described in paragraph (1) of this subsection be made out of such past-due benefits. In no event may the Secretary withhold for the purpose of such payment any portion of benefits payable for a period after the date of the final decision of the Secretary, the Board of Veterans' Appeals, or Court of Appeals for Veterans Claims making (or ordering the making of) the award.

The implementing regulation provides in pertinent part:

(1) Subject to the requirements of the other paragraphs of this section, . . . the claimant or appellant and an attorney-at-law may enter into a fee agreement providing that payment for the services of the attorney-at-law will be made directly to the attorney-at-law by the Department of Veterans Affairs out of any past-due benefits awarded as a result of a successful appeal to the Board of Veterans' Appeals or an appellate court or as a result of a reopened claim before the Department following a prior denial of such benefits by the Board of Veterans' Appeals or an appellate court. Such an agreement will be honored by the Department only if the following conditions are met . . . .

38 C.F.R. § 20.609(h) (1999).

There might be room for disagreement as to whether § 5904(d) standing alone requires, or merely gives discretion to, the Secretary to carry out the withhold-and-pay provisions of the statute. *Compare In re Smith*, 4 Vet.App. at 493-94 (concluding that 38 U.S.C. § 5904(d) is mandatory

requiring the Secretary to comply with the withhold-and-pay provisions of that statute), *vacated on other grounds sub nom. In re Wick*, *supra*, with *In the Matter of Fee Agreement of Smith*, 1 Vet.App. 492, 504-05 (Steinberg, J., concurring) (concluding that § 5904(d) is discretionary, but that the then-pending regulation, 38 C.F.R. § 20.609(h), would make the Secretary's obligation to honor § 5904(d) agreements mandatory). However, as we also hold today in the opinion in *In the Matter of Fee Agreement of Snyder*, __ Vet.App. __, Nos. 98-2219 and 99-1164, slip op. at 12 (Oct. 6, 2000) (*In re Snyder*), there can be no question that, at the very least, the statute expressly sanctions the creation of the attorney's entitlement by regulation as an exception to the nonassignment-of-veterans-benefits prohibition in 38 U.S.C. § 5301. *See Aronson v. Derwinski*, 3 Vet.App. 162, 163-64 (1992) (per curiam). The Secretary promulgated such a regulation, 38 C.F.R. § 20.609(h), and that regulation is mandatory (the "agreement will be honored by the Department"), *see Aronson*, 3 Vet.App. at 164. The Secretary is no less obligated to pay the attorney pursuant to that regulation, expressly sanctioned by the statute, than he would be if the obligation were created solely by the statute. The law is clear that an agency is bound to follow its own regulations as long as they are in force. *See Vitarelli v. Seaton*, 359 U.S. 535, 539-40 (1959); *Service v. Dulles*, 354 U.S. 363, 383-89 (1957); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265-68 (1954); *Schafrath v. Derwinski*, 1 Vet.App. 589, 592 (1991) (Board not free to ignore regulation adopted by VA); *see also Grivois v. Brown*, 6 Vet.App. 136, 140 (1994) (citing *Vitarelli*, *supra*, for the proposition that procedures must be provided to all similarly situated VA claimants). Thus, we need not decide today whether § 5904(d) is mandatory or discretionary, because the Secretary would be obligated to pay in either event. *See also In re Snyder*, *supra*.

### III.

The Secretary concedes, and the Court agrees, that the fee agreement entered into by the appellant and the veteran that is the subject of this appeal meets the requirements of § 5904(d), thus entitling the appellant to payment of 20% of the amount of past-due benefits awarded to the veteran. R. at 73 (VA's December 4, 1992, letter to the appellant stating that he was "entitled to a fee of 1/5 of past due benefits."); *cf. In re Smith*, 4 Vet.App. at 499 (holding that the Secretary was under no obligation to withhold and pay 20% of past due benefits where the fee agreement did not meet the

requirements of § 5904(d)).  It is also undisputed that the entire award of past-due benefits was mistakenly paid by the Secretary directly to the veteran.  *See* R. at 73.  The Secretary argues, however, that VA, its error notwithstanding, has no legal authority to pay the appellant the 20% fee because all past-due benefits have already been paid to the veteran.

It is the Secretary's position that once all past-due benefits have been paid in a particular claim, there are no funds remaining from which VA has the legal authority to make a disbursement to the attorney.  He argues that Mr. Cox may be paid *only* out of the past-due benefits specifically designated for payment to the veteran.  Because that fund has been depleted, the Secretary contends, in reliance on G.C. Prec. 27-92, that there is no remedy for the Court to apply.  However, the duty imposed by the Secretary upon himself by 38 C.F.R. § 20.609(h) to pay the agreed-upon fee directly to the attorney also creates a corresponding *right* for the attorney to collect that fee.  *See In re Smith*, 4 Vet.App. at 495-96; *In the Matter of Fee Agreement of Smith*, 5 Vet.App. 307, 308 n.3 (1993) (en banc order denying en banc review) (Steinberg, J., dissenting).  Thus, in the case of a 20% contingency fee agreement, the veteran and the attorney each have a separate entitlement; the veteran is entitled to 80% of a fixed amount (i.e., the past-due benefits awarded), and the attorney is entitled to 20% of that fixed amount.

The attorney's entitlement to his fee is no more "depleted" than would a veteran's right to VA benefits be depleted had VA erroneously paid his benefits to some other veteran.  Surely the second veteran would be the recipient of an overpayment, and unless and until VA recouped the money from the second veteran, VA funds for the payment of benefits would be diminished, but that in no way would eliminate VA's obligation to pay the first veteran the benefits to which he is entitled.  Whether or not the Secretary decides to try to recoup the erroneous payment is an entirely different matter.  *See* 38 U.S.C. § 5314 (authorizing the Secretary to recoup overpayments made to a benefits recipient by offsetting future payments).

The Secretary concedes in his supplemental memorandum that he has authority to seek recoupment from the veteran of the money wrongfully paid to him, but argues that he has the authority to pay the attorney only from the funds that he might happen to recover from the veteran.  Supplemental Memorandum at 12-14.  This argument is based upon G.C. Prec. 27-92, which concluded that "VA has no legal authority to pay attorney fees when payment of the complete

amount of past-due benefits has been made to the claimant." *Id*. However, as the Comptroller General of the United States has decreed, the fact of an erroneous payment to a veteran is immaterial to the Secretary's responsibility to make a payment to which there is lawful entitlement. *See In re Snyder*, __ Vet.App. at __, slip op. at 14 (citing 2 Comp. Gen. 102, 106 (1922) (where Veterans' Bureau made erroneous payment to a person not entitled thereto and where another person is clearly entitled that payment, it is the "duty" of the Director of Veterans' Bureau to "make payment to the rightful claimant . . . irrespective of recovery by the government of the amount erroneously paid . . . even though it involves the government in a double payment, provided, of course, there has been no contributing negligence or other fault chargeable to the person claiming the payment"); 66 Comp. Gen. 617, 619 (1987) (same, as to payment to Army construction contractor); 37 Comp. Gen. 131, 133 (1957) (same, as to payment of death gratuity under Servicemen's and Veterans' Survivor Benefits Act); 19 Comp. Gen. 104, 105 (1939) (same, as to Social Security Act payment)). The G.C. Prec. 27-92 is plainly in conflict with the above-cited binding opinions of the Comptroller General and therefore cannot stand. *See In re Snyder*, __ Vet.App. at __, slip op. at 13 ("Secretary's past reliance on G.C. Prec. 27-92 . . . is plainly in conflict with the binding opinions of the Comptroller General . . . , and hence is invalid").

**IV.**

In support of his position, the Secretary cites two decisions of the U.S. Court of Appeals for the Eighth Circuit regarding the failure to withhold and pay attorney fees in the context of claims for Social Security Administration (SSA) benefits. *Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990); *Russell v. Sullivan*, 887 F.2d 170 (8th Cir. 1989) (per curiam). As the Secretary states, in both *Pittman* and *Russell*, the court of appeals held that the district court had no authority to order the Secretary of Health and Human Services to pay the agreed-upon attorney fees. *Pittman*, 911 F.2d at 46; *Russell*, 887 F.2d at 171. However, the Secretary ignores the fact that in both instances the court's holding was based upon its finding that the payment of attorney fees was committed by statute to the responsibility of the Secretary of Health and Human Services and was not subject to judicial review. *Id*.

9

Because "the Secretary's fee awards are not judicially reviewable, the district court likewise has no authority to force the Secretary to comply with an award the court did not issue." *Russell*, 887 F.2d at 171. Therefore, the district court had no authority to order the Secretary to pay [the attorney] the authorized fee, or to direct the Secretary to recoup that amount from [the SSA benefits recipient] and pay it over to [the attorney].

*Pittman*, 911 F.2d at 46.

The Secretary notes that the Eighth Circuit's opinions are in accord with this Court's decision in *Werden v. West*, 13 Vet.App. 463 (2000). In *Werden*, a case involving a special adaptive housing grant, this Court noted the following *even assuming that the Court found jurisdiction to review the matter*: "The Court would have no remedy to apply. Under 38 U.S.C. § 2104(a), the Secretary is prohibited from paying this grant more than once. Since the Secretary has already provided a special adaptive housing grant to the appellant, the appellant is prohibited by statute from receiving any more money under this section." 13 Vet.App. at 468. What the Secretary again ignores is that the reason the Court lacked jurisdiction to review the claim was that "the manner in which the funds are distributed *is committed solely to the Secretary's discretion*." *Id*. (emphasis added). In contrast, 38 C.F.R. § 20.609(h) leaves no such discretion to the Secretary in the payment of the attorney fee involved in the instant matter. Accordingly, the Secretary's reliance upon *Werden*, *Pittman*, and *Russell* is misplaced.

### V.

Upon consideration of the foregoing and the submissions of the parties, we hold that the appellant is entitled to be paid directly by the Secretary his agreed-upon attorney fees in the amount of 20% of the past-due benefits awarded to the veteran, $7,481.60. The appellant has represented to this Court that he has been paid by the veteran $4,100.00 in partial payment of the agreed upon fee. Accordingly, the June 22, 1999, decision of the Board of Veterans' Appeals is REVERSED. The Secretary is directed to honor the § 5904(d) fee agreement and pay the appellant the sum of $3,381.60 to which he is entitled by law. Finally, the appellant's October 27, 1995, petition for a writ of mandamus is DISMISSED as moot.