# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

Nos. 98-2219 and 99-1164

KEITH D. SNYDER,                                    APPELLANT/PETITIONER,

   V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS,                      APPELLEE/RESPONDENT.

PATRICK D. MCCREARY,                                INTERVENOR.


Before KRAMER, STEINBERG, and GREENE, *Judges*.

## O R D E R

Before the Court is a motion by each party. On January 13, 2000, the appellant filed a motion, through counsel, to exceed the 25-page limit for briefs that is set forth in Rule 32(g) of the Court's Rules of Practice and Procedure (Rules). His motion was accompanied by a 43-page brief. On February 10, 2000, the Secretary filed a motion to stay proceedings in this case pending this Court's decision in *Scates v. West*, 13 Vet.App. 98 (1999), *motion for en banc decision granted*, 13 Vet.App. 304, 305 (2000) (per curiam en banc order withdrawing panel opinion). The Secretary noted in his motion that "[that] motion was discussed with counsel for the [appellant], who indicated that he was opposed to it, but that he was not inclined to submit a written response at this time." Motion at 3. The appellant did not respond within the allotted 14 days. *See* U.S. VET. APP. R. 27(a).

On February 25, 2000, the Court denied the appellant's motion to exceed the Rule 32(g) page limit, directed the Clerk of the Court to return the appellant's brief, ordered the appellant to file a 25-page brief, and held in abeyance the Secretary's motion to stay proceedings. On March 3, 2000, the appellant filed a motion for reconsideration of the Court's February 25, 2000, order or, in the alternative, for en banc consideration of his motion to exceed the Rule 32(g) page limit. His motion was accompanied by a 37-page brief.

In his motion for reconsideration, the appellant argues, in essence, that he has the right to raise issues that are important to his appeal and petition and that the Court cannot limit his right to raise those issues. He also asserts that, because there are several significant matters at issue here, he should be allowed to exceed the Rule 32(g) page limit in order to address them. He further asserts that the Rule 32(g) page limit is arbitrary and should be amended to incorporate certain changes that have been made to Rule 32 of the Federal Rules of Appellate Procedure. In light of those concerns, the Court will grant the appellant's motion for reconsideration. However, the Court will not amend its February 25, 2000, order but, in view of the appellant's justification for his request to exceed the

Rule 32(g) page limit (that there are significant matters at issue here), will accept for filing the brief that accompanied his March 3, 2000, motion for reconsideration.

As to the appellant's alternative motion for a decision by the full Court, the Court notes that, although pursuant to Rule 35 a party may file a motion for a decision by the full Court "after a panel has decided a case, or . . . after a panel has denied a motion for panel decision or reconsideration", *see* U.S. VET. APP. R. 35(c), that language applies to a final decision, not to the resolution of a procedural motion during the pendency of a case. Just as such interlocutory decisions by single judges on procedural motions during the course of a case are not the types of decisions contemplated by Court Rule 35 as being subject to panel review, *see Bair v. Brown*, 6 Vet.App. 68, 69 (1993); *cf. Van Cauwenberghe v. Biard*, 486 U.S. 517 (1988), neither are panel decisions on such interlocutory matters subject to a motion for a full Court decision.

As to the Secretary's motion for a stay, the Court will grant that motion and stay proceedings in this case pending the outcome of *Scates*, *supra*.

Upon consideration of the foregoing, it is

ORDERED that the appellant's March 3, 2000, motion for reconsideration of the Court's February 25, 2000, order is granted, and his brief, which accompanied that motion, is accepted for filing as of the date of this order. It is further

ORDERED that the Secretary's motion for a stay is granted and that this matter is stayed pending the outcome of *Scates*, *supra*, or further order of the Court.

DATED:  April 11, 2000                                PER CURIAM.