**Allan McNEELY, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 95–1000.

United States Court of Veterans Appeals.

Feb. 2, 1999.

---

**22.** *See Thompson (Charles) v. Brown*, 8 Vet.App. 169, 175–76 (1995) (holding that section 5104(b) applies to both RO and BVA adjudications), *reaff'd,* 9 Vet.App. 173 (1996) (per curiam order).

163

Before FARLEY, HOLDAWAY, and GREENE, Judges.

## ORDER

PER CURIAM:

On August 7, 1998, the Clerk granted the appellant's uncontested original attorney fee application filed pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

The order granting the requested fees indicated it was also the "mandate" of the Court. On September 4, 1998, the appellant filed a "Wrap–Up Application for Attorney's Fees and Expenses" in the amount of $11,400.30. The Secretary did not respond. On October 21, 1998, the Court ordered the Secretary to show cause why the fee application should not be granted. The Secretary requested two extensions to respond, the most recent out-of-time. The Secretary submitted a response on December 1, 1998.

The Secretary objects to the "wrap-up" fee application because it was filed after "mandate" issued on the grant of the original EAJA application, and argues that the Court does not have jurisdiction to consider the appellant's "wrap-up" application. Should the Court determine it has jurisdiction to address the matter, the Secretary argues that the time spent on the initial EAJA application which resulted in the application being dismissed, prior to a successful reconsideration motion, should be deducted from the amount sought because the effort spent at that stage in the litigation by the appellant was unsuccessful, citing *Commissioner, INS v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

■ The Secretary has questioned our jurisdiction to act in this matter because of the second "mandate" in this case which the Court issued after the original EAJA application had been acted upon. Although the Court termed this action a "mandate," there can only be one true mandate in a case and that accompanies the judgment. U.S. VET. APP. R. 41(a). In reality the "mandate" which was issued after the Court acted upon the original EAJA application was nothing more than an administrative convenience intended to signal the Government to release the funds to the appellant. Because the use of the term "mandate" in this regard appears to have caused confusion on the part of the Secretary and is, perhaps, a misnomer, the Court has discontinued the use of a second, unnecessary, EAJA "mandate." The Court finds that the August 7, 1998, Court order did not constitute a true mandate and does not extinguish our jurisdiction to resolve the matter currently pending before us.

The Supreme Court in *Jean* indicated that the threshold and merits determinations are established at the time the Court rules on the original fee application and need not again be established during the fees-for-fees litigation as the Secretary would have the Court find. 496 U.S. at 160–61, 110 S.Ct. 2316; *see also Trichilo v. Secretary of Health and Human Services,* 823 F.2d 702 (2nd Cir.1987). The sole consideration in determining a fees-for-fees supplemental application is one of reasonableness. *See Jean,* 496 U.S. at 161, 110 S.Ct. 2316; *Trichilo,* 823 F.2d at 708; *see also Chesser v. West,* 11 Vet.App. 497 (1998). Here, the appellant was ultimately successful on the fee application even though it required a motion for reconsideration. As the Supreme Court pointed out in *Jean,* if the courts were not permitted to allow payment for time spent litigating the fee applications, the purpose of EAJA would be undermined. *Jean,* 496 U.S. at 163, 110 S.Ct. 2316. Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion to file a response out of time is granted. It is further

ORDERED that the Secretary's motion is filed as of the date of its receipt. It is further

ORDERED that the appellant's "wrap-up" fee application is granted.