Kenneth M. CARPENTER, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 97–676.

United States Court of Appeals for Veterans Claims.

Nov. 29, 2000.

Before HOLDAWAY, IVERS, and GREENE, Judges.

**ORDER**

PER CURIAM:

The appellant had filed a Notice of Appeal from a February 24, 1997, decision of the Board of Veterans' Appeals (Board or BVA) which denied eligibility of the appellant for attorney fees. In an October 15, 1999, memorandum decision, the Court affirmed the BVA decision, and the appellant filed a timely motion for reconsideration or, in the alternative, a panel decision. On March 13, 2000, the Court granted the motion and issued a panel decision which affirmed the BVA decision. On August 22, 2000, the Court denied the appellant's motion for a decision by the full Court and entered judgment.

On September 28, 2000, counsel for the appellant filed a motion to vacate and set aside, for lack of jurisdiction, the Court's March 13, 2000, panel decision which affirmed the underlying February 27, 1997, BVA decision. The motion explained that prior to the entry of judgment, the Court recently rendered a decision in *Scates v. Gober,* 14 Vet.App. 62 (2000) which held that the BVA lacked subject matter jurisdiction under 38 USC § 5904(c)(2) regarding issues of eligibility for attorney fees. Since the BVA decision on appeal addresses the issue of eligibility for attorney fees, counsel for the appellant urges the Court to vacate and set aside the BVA decision based on the holding in *Scates* so that the VA Regional Office (RO) can first address the issue of eligibility. Counsel for the Secretary has not filed an objection to this motion.

On consideration of the foregoing, it is

ORDERED that the appellant's motion is granted and that judgment is recalled and the Court's March 13, 2000, decision is withdrawn, and the appeal is DISMISSED. It is further

ORDERED that the Board's February 24, 1997, decision is VACATED for want of original jurisdiction to decide eligibility for attorney fees, and the matter is REMANDED to the Board with directions to dismiss the matter of attorney fee eligibility. After notice to the affected parties, and an opportunity to be heard, that claim should be decided by the RO. The aggrieved party may then file a Notice of

Disagreement and pursue an appeal to the Board and this Court if so desired. *Cox v. West*, 149 F.3d 1360, 1365 (Fed.Cir.1998).