KRAMER, Chief Judge,
dissenting:
I cannot concur in the majority opinion because it fails to address several requisite issues. Although I am not in agreement with several matters in Judge Steinberg’s *93 separate opinion, I note that he and I are in substantial agreement as to many of the matters discussed in this opinion.
First, the majority holds that the Court has jurisdiction under 38 U.S.C. § 7252(a) to review the reasonableness of a fee agreement under 38 U.S.C. § 7263(d) that the Board of Veterans’ Appeals (BVA or Board) has reviewed sua sponte under 38 U.S.C. § 5904(c)(2). Ante at 72. Pursuant to the Veterans’ Judicial Review Act, Pub.L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) (VJRA), this Court has jurisdiction over only those appeals in which a Notice of Disagreement (NOD) was filed on or after November 18, 1988, as to an action of a VA agency of original jurisdiction (normally a VA regional office (RO)) that underlies the BVA decision that an appellant seeks to appeal. See Velez v. West, 11 Vet.App. 148, 157 (1998). Although Congress has expressly recognized one exception to this NOD requirement, that exception is not applicable in this case. See The Revision of Veterans’ Benefits Decisions Based on Clear and Unmistakable Error Act, Pub.L. No. 105-111, § 1(c)(2), 111 Stat. 2271 (1997) (found at 38 U.S.C. § 7251 note) (notwithstanding VJRA, Court has jurisdiction over claims, pending or filed on or after November 21, 1997, of clear and unmistakable error in BVA decisions pursuant to 38 U.S.C. § 7111). Because the record on appeal in this case contains no jurisdiction-conferring NOD, I believe that there is a legitimate question as to whether this Court in fact does have jurisdiction. The majority appears to allow for jurisdiction here without a jurisdiction-conferring NOD on the ground that the Court has “additional authority” under section 7263(d); Ante at 72. Although the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has stated that section 5904(c)(2) gives the Board limited jurisdiction to review the reasonableness of a fee, see Cox v. West, 149 F.3d 1360, 1364 (Fed.Cir.1998), this Court has never expressly considered whether without any NOD the Court has jurisdiction under section 7263(d) over such a BVA decision. Nor does the majority here address that important jurisdictional matter.
Second, in the BVA decision here on appeal, the Board determined in the first instance that the appellant was eligible under 38 U.S.C. § 5904(c)(1) to receive an attorney fee (Record (R.) at 3-4) and then proceeded to consider the reasonableness of the fee (R. at 4-8). This Court has held that the Board does not have jurisdiction to consider eligibility under 38 U.S.C. § 5904(c)(1) unless an RO has first made that determination. See Carpenter v. Gober, 14 Vet.App. 195 (2000) (per curiam order) (holding that neither Board nor Court has original jurisdiction under section 5904(c)(2) to consider eligibility of appellant for attorney fees), granting mot. for recons, in In the Matter of the Fee Agreement of Carpenter, No. 97-676, 1999 WL 978670 (Vet.App. Oct. 15, 1999). But see In the Matter of the Fee Agreement of Stanley, 10 Vet.App. 104, 105 (1997) (in case where Board had sua sponte raised under 38 U.S.C. § 5904(c)(2) issue of eligibility under 38 U.S.C. § 5904(c)(1), Court stated that Court had jurisdiction under 38 U.S.C. §§ 7263(d) and 7266(a)). In addition, this Court has stated that any review of reasonableness would be premature until eligibility is first determined. See Snyder v. Gober, 14 Vet.App. 154, 167 (2000), mot. for recons, filed (Nov. 13, 2000). Assuming that there is a sequential relationship between eligibility and reasonableness, I believe that before the Court can address reasonableness, it must first address the underlying threshold issue of eligibility. In reaching its decision, howev *94 er, the majority fails to address this matter.
Third, I am concerned that the majority, without adequate analysis as to why it is appropriate, appears to reverse the Board in the context of 38 U.S.C. § 7263(d). The Court states that it is reviewing under 38 U.S.C. § 7263(d) the BVA decision that reduced the attorney fees on reasonableness grounds but is reversing that decision under 38 U.S.C. § 7252(a). Ante at 79. Although section 7252(a) provides the Court with the authority to “reverse a decision of the Board,” section 7263(d) provides that “[i]n reviewing a fee agreement ... under section 5904(c)(2), the Court may affirm the finding or order of the Board and may order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreasonable,” 38 U.S.C. § 7263(d). In that regard, the Federal Circuit has clearly stated that the Court’s authority to review fee agreements under section 7263(d) “is strictly limited by the language of the statute.” In the Matter of the Fee Agreement of Wick, 40 F.3d 367, 371 (Fed.Cir.1994) (Fee Agreement of Wick ); cf. Cox, 149 F.3d at 1364 (section 5904(c)(2) provides Board with limited jurisdiction to review reasonableness of fee and to reduce fee).
Fourth, the majority makes a holding that overrules previous Court precedent, see Fritz v. West, 13 Vet.App. 190, 194-95 (1999), as to the meaning of “same work” in the context of whether to offset the attorney fees with the fees awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). As to that offset determination, the majority, in my opinion, fails to provide adequate analysis and legal support for its holding. For example, the majority’s discussion abruptly moves from the terms of the fee agreement to a conclu-sory holding that “same work” means “same claim” without making any connection between the terms and the holding. Ante at 76. Moreover, the majority makes that holding, ostensibly based on the veterans benefits precept that any interpretive doubt as to the meaning of the statute— that is, congressional intent as to “same work” — must be resolved in favor of the veteran, without discussing pertinent legislative history. In that regard, I note that the “same work” language that applies to this Court, see the Federal Courts Administration Act of 1992 (FCAA), Pub.L. No. 102-572, § 506, 106 Stat. 4506, 4513 (1992) (found at 28 U.S.C. § 2412 note), is exactly the same (except for the attorney-fee statutes affected, 38 U.S.C. § 5904(d) versus 42 U.S.C. § 406(b)) as the “same work” language that applies to attorney fees awarded in Social Security Act cases, see the Equal Access to Justice Act, Extension and Amendment, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186 (1985) (found at 28 U.S.C. § 2412 note). The legislative history supporting the “same work” language as to Social Security Act cases provides in pertinent part:
The bill clarifies that an EAJA award in Social Security cases is not precluded by the fee provision in the Social Security Act, 42 U.S.C. § 406(b). The bill also prohibits attorneys from collecting both EAJA fees and § 406(b) fees in the same case. In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.
... This provision and related ones, when read together, allow a court or the Secretary to authorize payment of attorney fees and related expenses under the [EAJA], notwithstanding the provisions in the Social Security Act. However, an attorney collecting attorney fees under the EAJA would have to use such fees *95 to reduce the liability, if any remains, of the claimant for any portion of the past-due benefits. Courts and the Secretary would be expected to scrutinize such awards to ensure that the attorney is reducing the liability of the claimant so that the claimant is the primary beneficiary of the EAJA award.
It is the Committee’s intent ... that the EAJA award should be used as a set off to reduce the payment which the claimant would otherwise owe the attorney. Thus, under the amendment an attorney for a Social Security ... claimant would be precluded from receiving both EAJA and Social Security Act fees. Without this amendment it was argued, “double dipping” was possible. Such double payments are inappropriate and deprive[ ] the plaintiff of the benefits intended by EAJA. Because the Committee is aware of the important function served by counsel in these cases, the Committee permits the attorney to seek recovery under both authorizations. The attorney, however, may keep the larger fee, but must return the amount of the smaller fee to the claimant.
H.R.Rep. No. 99-120, Part I, at 7, 19-20 (1985) (Background; Explanatory Statement), reprinted in 1985 U.S.C.C.A.N. 132, 135-36, 148-49. Therefore, although the majority view of offset, assuming it can properly reach that issue, may be correct, see id., I cannot support its conclusory pronouncement. I note also that the majority has not addressed the question of whether the EAJA offset should include any supplemental EAJA awards of fees for fees, see McNeely v. West, 12 Vet.App. 162, 163-64 (1999) (per curiam order) (courts are “permitted to allow payment for time spent litigating the fee applications”).
Fifth, in determining error in the BVA reduction of the contingent attorney fee from 30% to 20%, the majority - has not addressed fully either the applicable VA regulation, 38 C.F.R. § 20.609(e) (2000), or all of the pertinent facts of this case. Section 20.609(e) includes eight factors to be considered in determining whether fees are reasonable. In rendering its opinion, the majority addresses only four of those eight; the majority fails to consider other appropriate factors, see ante at 79, such as “[t]he extent and type of services the representative performed,” “the amount of time the representative spent on the case,” and “[r]ates charged by other representatives for similar services,” 38 C.F.R. § 20.609(e)(1), (4), (7). And, in determining that “the case was complex; the attorney was quite competent; [and] he achieved a great deal of success for his client,” the majority fails to consider that the Board found clear and unmistakable error (as the basis of its award) on a basis other than that which the appellant had argued (compare R. at 101-02 with R. at 120-25), see ante at 79.
Finally, I firmly believe that attorneys make significant contributions to this Court’s review of appeals from BVA decisions. That said, the issues generated by the statutory scheme, through which appellants’ attorneys are compensated, over time have become increasingly complex and have resulted in a substantial degree of confusion. See 28 U.S.C. § 2412(d); 38 U.S.C. §§ 5904, 7263(c), (d); FCAA § 506; VJRA §§ 402, 403. That complexity and confusion have caused the Federal Circuit, this Court, and VA, as well as the appellants’ attorneys themselves, to devote an inordinate amount of time and resources to litigating these issues. Accordingly, as may be obvious from the following cases and the extraordinary judicial history of some of them (seven of the ten cases are still pending either on appeal before the *96 Federal Circuit or on postdecisional matters before this Court), it may be time for Congress to examine the present system to determine whether it should be modified in whole or in part. See, e.g., Fee Agreement of Wick, 40 F.3d at 373, vacating in part In the Matter of the Fee Agreement of Smith, 4 Vet.App. 487 (1993), mot. for en banc rev. denied, 5 Vet.App. 307 (1993) (en banc) (with dissenting opinion); Cullens v. Gober, 14 Vet.App. 234, 239 (2001) (en banc) (holding that, in cases where parties have settled merits issue, Court will look beyond settlement agreement and will consider record on appeal when determining EAJA substantial-justification question; with concurring and dissenting opinions), supplemental EAJA application filed (Mar. 14, 2001); Snyder, 14 Vet.App. at 168 (vacating BVA decision for lack of jurisdiction, denying petition for payment of attorney fees under section 5904(d), and denying for lack of jurisdiction Secretary’s motion to review fee agreement), mot. for en banc rev. filed (Nov. 13, 2000); Cox v. Gober, 14 Vet.App. 148 (2000) (reversing BVA decision and ordering VA to pay attorney fees pursuant to section 5904(d) where attorney fees had been paid erroneously to veteran), on remand from Cox, 149 F.3d at 1366, vacating in part In the Matter of the Fee Agreement of Cox, 10 Vet.App. 361 (1997), mot. for recons, filed (Nov. 7, 2000); Scates v. West, 13 Vet.App. 304 (2000) (en banc) (granting motion for full Court review and withdrawing panel opinion), decided sub nom. Scates v. Gober, 14 Vet.App. 62 (2000) (en banc) (as to section 5904(d) case, vacating BVA decision for lack of BVA jurisdiction and dismissing appeal for Court’s lack of jurisdiction), appeal filed sub nom. Scates v. Principi, Fed. Cir. No. 00-7033 (Nov. 16, 2000); Fritz v. West, 13 Vet.App. 190, 196 (1999) (holding EAJA determination in abeyance pending appellant’s “verification as to whether or not he approves of submission of EAJA application”), 13 Vet.App. 439, 441 (2000) (granting EAJA application and denying supplemental EAJA application for fees for fees regarding Court’s sua sponte review of fee agreement for reasonableness), appeal filed sub nom. Fritz v. Principi, Fed. Cir. No. 00-7139 (June 14, 2000); Barrera v. West, 13 Vet.App. 139, 140 (1999) (based on res judicata, denying EAJA fees for work done before Federal Circuit), mot. for en banc rev. denied, 13 Vet.App. 418 (2000) (en banc) (with concurring and dissenting opinions), appeal filed sub nom. Barrera v. Principi, Fed. Cir. No. 00-7115 (Apr. 18, 2000); In the Matter of the Fee Agreement of Mason, 13 Vet.App. 79, 86 (1999) (holding that “where an attorney successfully represents a VA claimant before this Court and has filed a qualifying attorney-client fee agreement which directs payment by the Secretary from an award of past-due benefits awarded on the basis of the claim filed with VA, the Secretary is obligated to pay directly to the attorney 20% of the past-due benefits awarded on the basis of the claim or application for benefits underlying the issues successfully appealed to this Court ” rather than on basis of work done before VA), appeal filed sub nom. Mason v. Principi, Fed. Cir. No. 00-7113 (May 21, 2000); Bazalo v. Brown, 9 Vet.App. 304 (1996) (en banc) (holding that there are four elements that must be met within 30 days of when judgment is final in order for Court to have jurisdiction over EAJA application), mot. for recons, denied, 10 Vet.App. 154 (1997) (en banc), rev’d, 150 F.3d 1380, 1383 (Fed.Cir.1998) (holding that at least jurisdictional element of statement that appellant’s net worth does not exceed $2,000,000 is subsumed in appellant’s averment of eligibility for EAJA award) (with dissenting opinion); Shaw v. Gober, 10 Vet.App. 498, 503-05 (1997) (stating that “double-payment proscription would have *97 no application to the payment of fees under the EAJA and under the fee agreement where the legal work done in connection with those fees is not the same”; holding unreasonable on its face a fee agreement that may be read as precluding an offset where Court remands with direction to Board to award benefits).